UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

TALISMAN CASUALTY INSURANCE CO.

VERSUS

OCEAN MARINE RECYCLING, LLC
AND GULF CREDIT, LLC

## **COMPLAINT FOR DECLARATORY JUDGMENT**

TO THE HONORABLE, THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:

NOW INTO COURT, through undersigned counsel, comes plaintiff, Talisman Casualty Insurance Company (hereinafter referred to, at times, as "Talisman"), who respectfully seeks declaratory judgment pursuant to 28 USC §2201 that it does not owe any additional insurance monies to defendants, Ocean Marine Recycling, LLC (OMR) and/or Gulf Credit, LLC under Talisman insurance policy No: TCIC201803097-099 all for the reasons as set forth as follows:

### **ARTICLE I**

Talisman seeks a declaratory judgment to resolve important issues concerning the obligations, if any, of Talisman pursuant to its policy NO: TCIC201803097-099 (the "policy") to pay additional monies to defendants including but not limited to repairs/rebuilding/repurchase of engines, all costs associated therewith and/or other expenses to OMR and/or Gulf Credit in connection with the partial sinking of the M/V MISS DONNA.

1

## JURISDICTION AND VENUE

### ARTICLE II

Talisman is a Nevada corporation.

### ARTICLE III

Defendant, OMR, is a Louisiana limited liability company having its principal place of business in Morgan City, Louisiana.

### ARTICLE IV

Defendant, Gulf Credit, LLC, is a Louisiana limited liability company having its principal place of business in Belle Chasse, Louisiana.

### ARTICLE V

This Court has jurisdiction of this matter pursuant to 28 USC §1333 in that this is a case of admiralty or maritime jurisdiction and 28 USC §2201 (a) because the claims asserted herein involve a case of actual controversy concerning the interpretation and application of a policy of marine insurance as it applies to the partial sinking of the M/V MISS DONNA on the navigable waters of the United States. See also, the United States Supreme Court case of *Insurance Company v. Dunham*, 78 U.S. 1(1870), that a Federal Court, sitting in Admiralty, has jurisdiction over a case involving a policy of marine insurance.

### ARTICLE VI

Venue is proper in this District pursuant to 28 USC §1391(a) as the sinking occurred on navigable waters in and around Terrebonne Parish, Louisiana and defendant, Gulf Credit, resides in this District.

## BACKGROUND

## ARTICLE VII

Defendant, OMR, owned and operated the inland push boat M/V MISS DONNA, Official Number 507364.

## ARTICLE VIII

On information and belief, Gulf Credit was the assignee of a vessel mortgage on the M/V MISS DONNA.

## ARTICLE IX

On or about October 27-31, 2018, the M/V MISS DONNA was moored, unattended, at OMR's facility in Gibson, Louisiana.

## ARTICLE X

The vessel was last used by OMR on or about October 27, 2018. On October 31, 2018, it was discovered by OMR that the vessel was partially submerged, resting on the bottom of the waterway with a flooded engine room.

## ARTICLE XI

Upon information and belief, the vessel was moored to the dock and sank because water infiltrated the engine room by way of a leaking starboard stuffing box, flooding the engine room and bilge area. The vessel did not have automatic bilge pumps to control water ingress from the leaking stuffing boxes.

## ARTICLE XII

OMR notified Talisman of the incident on or about November 1, 2018 and Talisman instructed Messrs. United Marine Surveying, Inc. represented by Mr. Chris Labure (surveyor), to

survey the vessel on November 2, 2018 finding the engine room flooded. At that time, OMR representatives were instructed by Mr. Labure to have the machinery preserved.

## ARTICLE XIII

On information and belief, OMR left the vessel, as is, with a flooded engine room from the time of discovery in late October, 2018 until November 14, 2018 when the engine room was pumped out and the vessel refloated. At that time, OMR was instructed to have the machinery preserved by means of "pickling" which was done on or about November 16, 2018.

## ARTICLE XIV

Following the "pickling" of the engines, OMR did nothing further to preserve, restore, repair or otherwise mitigate any damage to the engines resulting from the partial sinking.

## INSURANCE POLICY

## ARTICLE XV

OMR, through its owner, Ryan Cheramie, obtained a contract of insurance from Talisman pursuant to Policy No: TCIC201803097-099 for an annual term commencing on March 6, 2018. The policy provides for, among other coverages, primary hull and machinery coverages.

## ARTICLE XVI

The policy lists Ocean Marine Recycling, LLC as the named insured and the MISS DONNA as a scheduled vessel on the policy.

## ARTICLE XVII

The policy provides insurance coverage to OMR as per its terms and conditions and limits of liability as set forth therein. A copy of the policy is attached hereto as Exhibit 1. The terms and conditions therein are incorporated by reference herein *in extenso.*

4

## ARTICLE XVIII

The policy provides for coverage of losses or damage caused by, among other things, certain "PERILS" which "…shall come to the hurt, detriment or damage of the vessel".

## ARTICLE XIX

The policy stipulates in the "ADDITIONAL PERILS" (Inchmaree) wording that Underwriters will indemnify a policyholder for other specified perils "…provided such loss or damage has not resulted from want of due diligence by the assured, owners or managers of the vessel, or any of them." See Exhibit 1, lines 112-128.

## ARTICLE XX

The policy also stipulates that "…it shall be lawful and necessary for the assured…to safeguard…the vessel, or any part thereof…". See Exhibit 1, lines 197-198.

## THE CONTROVERSY

## ARTICLE XXI

As aforementioned, following notification of the loss, Talisman appointed Messrs. United Marine Surveying, Inc. to survey the vessel, specifically, Mr. Chris Labure, surveyor.

## ARTICLE XXII

In accordance with Mr. Labure's survey recommendations, Talisman paid defendants $78,000.00 representing fair and reasonable damages associated with the partial sinking.

## ARTICLE XXIII

Despite the $78,000.00 payment just referenced, defendants have demanded that Talisman pay for, among other things, removal, transportation and rebuilding and/or replacing the two diesel engines of the M/V MISS DONNA at a total cost exceeding $150,000.00.

5

## ARTICLE XXIV

Talisman contends the necessity for the removing, transporting, rebuilding and/or replacing the engines is exclusively the consequence of defendants failure to exercise due diligence and breach of their "...lawful and necessary...obligation" in failing, among other things, to immediately initiate efforts to mitigate the damage to the engines following the partial sinking and, that, if defendants had exercised such due diligence, the costs associated with the engine's exposure to the elements would be well within the $78,000.00 previously paid to defendants by Talisman.

## ARTICLE XXV

Thus, Talisman contends that the cause of the current state of the engines is as a consequence of defendants failure to exercise due diligence to mitigate the damage to the engines all in accordance with the law and the aforesaid policy obligations.

## ARTICLE XXVI

Talisman now prays for a declaration of coverage with respect to its liabilities, if any, arising from the partial sinking of the M/V MISS DONNA, the damages, if any, for which Talisman is or was responsible , and a declaration that Talisman owes no further payments pursuant to the insurance policy it issued to OMR in connection with the partial sinking of the M/V MISS DONNA and for all other relief to which plaintiff would be entitled.

WHEREFORE, after all due proceedings be had Talisman requests a judgment declaring that defendants, OMR and Gulf Credit, LLC are not entitled to any additional payments from Talisman for the losses allegedly sustained by defendants in connection with the partial sinking of the M/V MISS DONNA. Talisman also requests all legal and equitable relief to which it may be entitled.

         Respectfully submitted,

         S/RICHARD A. COZAD
         RICHARD A. COZAD, T.A. (#4537)
         MICHAEL L. McALPINE, (#9195)
         MORGAN KELLEY, (#38299)
         SCHOUEST, BAMDAS, SOSHEA
          & BENMAIER
         365 Canal Street, Suite 2730
         New Orleans, LA 70130
         Tel. (504) 561-0323 / Fax (504) 528-9442
         Attorneys for Talisman Casualty Insurance Co.

**PLEASE SERVE:**

Ocean Marine Recycling, LLC
Through its Agent for Service of Process
Ryan T. Cheramie
1202 Oak Harbor
Morgan City, LA 70380

Gulf Credit, LLC
Through its Agent for Service of Process
George Pivach, II
8311 Highway 23, Suite 102
Belle Chasse, LA 70037

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that the foregoing document was filed with the Clerk of Court on January 29, 2020 and is available for viewing and downloading from the CM/ECF system.

         S/RICHARD A. COZAD

1730003